IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MATRIX BUSINESS
RESOURCE, INC.,

Civ. No. 6:24-cv-01450-AA

     Plaintiff,

**OPINION & ORDER**

  v.

REF USA CORP.; REF
GLOBAL SERVICES CORP.,

     Defendants.

_____

AIKEN, District Judge.

   This case comes before the Court on Defendants' Combined Motion for More
Definite Statement. ECF No. 9. The Court concludes that this motion is suitable for
resolution without oral argument. For the reasons set forth below, the motion is
GRANTED in part and DENIED in part. Plaintiff is granted leave to file an amended
complaint.

**LEGAL STANDARD**

   "A party may move for a more definite statement of a pleading to which a
responsive pleading is allowed but which is so vague or ambiguous that the party
cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions for a more
definite statement are generally disfavored, left to the district court's discretion, and
rarely granted." *Mil-Ray v. EVP Int'l, LLC*, Case No. 3:19-cv-00944-YY, 2021 WL

2903225, at *1 (D. Or. July 8, 2021). Such a motion "is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the complaint is so vague that the defendant cannot begin to frame a response." *Brooks v. Clyne* No. 3:19-cv-02085-HZ, 2021 WL 359733, at*12 (D. Or. Jan. 31, 2021) (internal quotation marks and citation omitted).

Further, a motion for more definite statement "must be considered in light of the liberal pleading standards of Rule 8(a)." *Velasquez v. HSBC Fin. Corp.*, No. 08-4592 SC, 2009 WL 112919, at *1 (N.D. Cal. Jan. 16, 2009). Rule 8(a) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47, (1957)). "Rule 12(e) is designed to strike at unintelligibility rather than want of detail." *Brooks*, 2021 WL 359733, at *13. "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Id.* (internal quotation marks and citation omitted). "Where the detail sought is available through discovery, the motion should be denied." *Obsidian Fin. Grp., LLC v. Cox*, No. 11-57-HZ, 2011 WL 13253340, at *1 (D. Or. May 19, 2011) (citation omitted).

## DISCUSSION

This case was removed to federal court from Douglas County Circuit Court and, following removal, Defendants filed the present motion for a more definite

statement.  In their motion, Defendants argue that they need greater clarity on (1) what "Agreement" Plaintiff refers to in Paragraph 17 of the Complaint; (2) the connection between Defendants and Renaissance Executive Forums, Inc.; (3) the claim for promissory estoppel and the relationship between that claim and the allegations concerning the Agreement; and (4) the allegations of fraud.

Plaintiff concedes that that the second, third, and fourth points require amendment to meet federal pleading standards and requests leave to file an amended complaint.  Plaintiff disputes the first issue, however, which concerns the "signed Agreement" between the parties.  Paragraph 17 of the Complaint alleges:

> On June 23, 2022, the Agreement was signed between MATRIX and REF, Inc.  *See* the attached Agreement, marked as Exhibit 1.  The then Chief Operating Officer signed on behalf of REF Inc. and, for MATRIX, the President and Chief Executive Officer signed the Agreement.

Compl. ¶ 17.  ECF No. 1-1.

Defendants assert that this paragraph is unintelligible because the document attached as Exhibit 1 is not a contract by its express terms.  The document attached to the Complaint as Exhibit 1 is a "Corporate Partnership Master Agreement" between Renaissance Executive Forum, Inc. and Plaintiff.  ECF No. 1-1.  In its opening paragraph, the Agreement states that it is "not a sales contract of services but rather a template agreement reflecting the terms and conditions agreed upon between Renaissance Executive Forums, Inc. and MATRIX which will be used by REF Franchises to hire MATRIX."  Compl. Ex. 1, at 2.  While the Agreement is not, by its plain terms, "a sales contract of services," it is an "agreement" and is clearly

identified in the Complaint. Disputes about its enforceability or scope are not proper subjects for a Rule 12(e) motion.

Defendants also maintain that the Agreement is between Plaintiff and non-party Renaissance Executive Forums, Inc. and that conflating Renaissance Executive Forums, Inc. with Defendants violates the corporate form. This touches on the second issue raised in Defendants' motion, which is the relationship between Renaissance Executive Forums Inc. and Defendants. In its Response, Plaintiff conceded that "it did not clearly plead its allegations about the interrelationship between Renaissance Executive Forums, Inc. and defendants." Resp. 3. ECF No. 15. Any dispute about the enforceability of the Agreement against Defendants is beyond the scope of a Rule 12(e) motion and must await the filing of the amended complaint.

In sum, Defendants' Motion is denied as to its arguments concerning the identity of the Agreement but granted on all other points based on Plaintiff's concession. Plaintiff shall have fourteen (14) days from the date of this Order in which to file an amended complaint.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for a More Definite Statement, ECF No. 9, is GRANTED in part and DENIED in part. Plaintiff is granted leave to file an amended complaint. Plaintiff is to file its amended complaint within fourteen (14) days of the date of this Order.

It is so ORDERED and DATED this ____12th____ day of June 2025.

 /s/Ann Aiken
ANN AIKEN
United States District Judge